EVA HOEFFLER, APPELLANT, v. BYRON H. WESTCOTT, JOSEPH BORK AND OTHERS, RESPONDENTS.

*Sale of bond and mortgage by firm — all members of the firm estopped from denying its validity.*

Plaintiff, on the morning of December 1, 1874, came to the banking house of the firm of Lyon, Bork & Co., at Buffalo, and deposited $1,100, requesting the firm to get her a *good* bond and mortgage. In the afternoon she returned, and was handed a bond and mortgage for $900, executed by Westcott to Bork, both of whom were members of the firm, and an assignment thereof by Bork to the plaintiff, in which Bork covenanted that there was $900 due thereon, she received also a bond and mortgage for $200, and in addition $83 in money; nothing being said at the time about the mortgages as to a *bonus* or any rate of discount or interest.

In an action to foreclose the $900 mortgage, Bork claimed that the mortgage was given on property in which he and Westcott were jointly interested; that it was given to Westcott to sell for joint account; that it was purchased by plaintiff at a usurious discount, and was void. *Held,* that as the mortgage was given to the plaintiff by the firm as a *good* bond and mortgage, each of the members was estopped from setting up that it was invalid, and that the defense should be overruled.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the County Court of Erie county, without a jury.

*John C. Hubbell,* for the appellant.

*J. P. Carr,* for the respondents. The assignee of a mortgage, though a *bona fide* holder, takes the same subject to all the equities existing between the original parties. (*Ingraham* v. *Disbrough,* 47 N. Y., 421; *Andrew* v. *Gillespie,* id., 487; *Cutts* v. *Guild,* 59 id., 229; *Crane* v. *Turner,* 67 id., 437.) This mortgage was made without consideration and for the purpose of a sale only; it was sold for less than its face value, and the transaction was therefore usurious. (*Vickery* v. *Dickson,* 62 Barb., 272; *Payne* v. *Burnham,* 62 N. Y., 69; *Eastman* v. *Shaw,* 65 id., 522.) Where more than legal interest is intentionally taken, the transaction is usurious, though the party act in ignorance of the law. (*Bank of Salina* v. *Alvord,* 31 N. Y., 473.) If there be a loan and reservation of more than seven per cent for the use

of money, the transaction is usurious whatever form it may take. (*Fielder* v. *Darrin*, 50 N. Y., 437 ; *Birdsall* v. *Patterson*, 51 id., 43.) The usury in this case was accepted and ratified by the principal, even if Bork can in any sense be regarded as her agent. She received and retained the fruits of the transaction with full knowledge of the facts. (*Algur* v. *Gardner*, 54 N. Y., 360 ; *Estevez* v. *Purdy*, 66 id., 446 ; *Elwell* v. *Chamberlin*, 31 id., 619 ; *Bennett* v. *Judson*, 21 id., 238 ; *Murray* v. *Bininger*, 3 Keyes, 107 ; *Meehan* v. *Forrester*, 52 N. Y., 277.)

TALCOTT, P. J.:

This is an appeal by the plaintiff from a judgment rendered for the defendant by the County Court, of Erie county.

The action is to foreclose a mortgage made by Byron H. Westcott to Joseph Bork to secure the payment of $900, with interest, within three years from the date thereof. The mortgage and the accompanying bond were dated on the first day of November, 1874.

The facts as disclosed by the evidence were, that Mrs. Hoeffler, the plaintiff, about the first day of December, in the year 1874, in the forenoon, came into the banking office of Lyon, Bork & Co., bankers, in Buffalo, with which firm she had been in the habit of transacting business, and deposited with the said firm the sum of $1,100 in money. The defendants, Byron II. Westcott and Joseph Bork, were two of the members of the firm of Lyon, Bork & Co. Bork was present and received the money from Mrs. Hoeffler. She left the money there with the request that it should be invested in the purchase of a bond and mortgage — Lyon, Bork & Co., being also agents for others and dealers in real estate. Nothing was said about any particular mortgage or any rate of discount or interest, but according to the statement of Mrs. Hoeffler, she, at the time of leaving the money, requested Mr. Bork to get her a good bond and mortgage. Mr. Bork's account of the transaction is substantially the same. In the afternoon, Mrs. Hoeffler returned to the office of Lyon, Bork & Co., and received from Mr. Bork, in an envelope, the mortgage in question, with an assignment thereof, executed and acknowledged by Bork to her, covenanting that there was $900, and interest due thereon, and that he could lawfully transfer. Also, one other mortgage for $200, the partic-

ulars of which as to the parties and date are not stated, and $83 in money; and Mrs. Hoeffler took away the envelope with its contents. Nothing being said about the contents, and no explanation being made by Bork in reference to the mortgages, or either of them, or to the amount of money contained in the envelope; and no agreement being made or spoken of as to any rate at which she was to receive the mortgages, or any rate of discount or interest which she was to receive upon the transation, so far as the evidence discloses.

In point of fact, the defendants, Westcott and Bork, were jointly interested in the premises covered by the mortgage; the title, however, standing in the name of Westcott, and, as testified to by Westcott, the bond and mortgage were made to Bork for the purpose of raising money for the benefit of Bork and Westcott on the property, and no consideration passed between Bork and Westcott for the bond and mortgage in question, but the same was made with the understanding between them, that Bork should raise money on the same for the benefit of both parties.

The defendant, Bork, in the absence or without the knowledge or consent of the plaintiff, entered up the transaction on the books of Lyon, Bork & Co., as a sale of the bond and mortgage to Mrs. Hoeffler, at a discount of eight per cent., and the $1,100 deposited by Mrs. Hoeffler, less the $83 returned in the envelope, went to the credit on the books of Lyon, Bork & Co. of the two co-partners, Westcott and Bork.

The defendant, Westcott, alone answered in the action, and set up that the bond and mortgage were made by him to Bork to raise money, and that the plaintiff and Bork entered into a corrupt and usurious agreement, by and in pursuance of which the plaintiff lent to said Bork the sum of $833 only upon the said bond and mortgage, and reserved and retained the sum of $67, besides the legal interest stipulated in said bond and mortgage, as a consideration for the use and forbearance of the said sum of $833, for a term, from the 1st of December, 1874, to the time of the maturity of said bond and mortgage.

The action was tried before the county judge, without a jury, and he found, as facts, that the bond and mortgage had no validity

in the hands of Bork, and that he (Bork) sold and assigned the same to the plaintiff, at a discount of eight per cent., which "was intended by said Bork and said plaintiff as a *bonus*, in addition to the legal interest secured to be paid by said bond and mortgage;" and, as a conclusion of law, he found that "said sale and transfer of said bond and mortgage was corrupt and usurious;" and that, by reason thereof, said bond and mortgage were usurious and void, and he ordered a judgment in favor of the said Westcott, dismissing the complaint, with costs. The judgment, as entered, was for a dismissal of the complaint generally, with costs in favor of the defendant, Westcott. The judgment was clearly erroneous.

In the assignment of the mortgage, Bork had covenanted that there was then due and owing thereupon the sum of $900, and interest from the 1st day of November, 1874, and that he was lawfully authorized to sell the same, and had covenanted that the same would be paid according to the terms and conditions thereof. This was averred in the complaint, and therein the plaintiff demanded judgment against both Westcott and Bork for any deficiency which might remain after exhausting the mortgage security. Bork made no answer in the matter, and no defense. As to him, the court, having acquired jurisdiction of the action, could have proceeded to render judgment against him on his guaranty of payment, notwithstanding the defense interposed in behalf of Westcott.

But we are, further, of the opinion that the accision of the County Court was erroneous in holding the bond and mortgage void for usury in the hands of the plaintiff. There was no foundation in the evidence for any finding that the plaintiff purchased the bond and mortgage at a discount of eight per cent, or that she was a party to any usurious or corrupt agreement concerning the same. The only witnesses sworn were the two defendants, Westcott and Bork, and the plaintiff. The plaintiff testified that when she deposited the money she requested that a *good* mortgage should be procured for her. This was not denied by either of the defendants, and in itself was highly probable. A *good* mortgage meant a valid mortgage. "A security which the law declares is illegal and void, cannot be either *good* or *bona fide*. To be a good security, it must be a valid one." (*Norris*

v. *Wood, Impl'd, etc.*, vol. 7 N. Y. Weekly Dig., 8 ; *Baron* v. *Marks*, vol. 6 id., 312.)

The money of the plaintiff was intrusted to the firm of Lyon, Bork & Co., and the transaction, so far as the plaintiff was concerned, was with that firm, according to the testimony. The defendants, Westcott and Bork, were both members of that firm, and to impose upon her the mortgage in question, under a request and authority to purchase for her a *good* mortgage, was a fraud and violation of duty ; and each and every member of the firm of Lyon, Bork & Co., which firm acted as the agents of the plaintiff in the transaction, is estopped from now setting up the violation of duty on the part of the firm as against the plaintiff, who was entirely innocent of any attempt or intention to violate the statute of usury (*Schoop* v. *Clark*, 1 Keyes, 181), and who, it is to be presumed, would not have accepted the bond and mortgage had she been apprised of its true character. The mortgage was dated, acknowledged and recorded before the plaintiff deposited the money, or had requested Lyon, Bork & Co. to invest the same for her in the purchase of a good mortgage. When the assignment and the mortgage were delivered to her without any further communication, she was justified in supposing that it was done in compliance with her instructions, and was a good and valid mortgage in the hands of Bork, a member of the firm ; and the transaction was equivalent to a representation that it was such, and a representation that no member of the firm can now justly be permitted to deny to the injury of the plaintiff.

The judgment of the County Court is reversed, and a new trial ordered in that court, costs to abide the event.

Present — TALCOTT P. J., SMITH and HARDIN, JJ.

Ordered accordingly.